UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CLIFTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-03539-KAW<br><br>**ORDER IMPOSING SANCTIONS; ORDER REFERRING ATTORNEY STANLEY GOFF TO THE STANDING COMMITTEE ON PROFESSIONAL CONDUCT FOR DISCIPLINARY PROCEEDINGS** |

　　　　Plaintiff David Clifton filed this lawsuit against the City and County of San Francisco and four San Francisco Police Officers asserting civil rights violations based on allegations of excessive force. During the course of this litigation, Plaintiff's counsel Stanley Goff has failed to appear at three scheduled case management conferences. On November 3, 2015, the Court issued a second order to show cause.

　　　　On November 12, 2015, the Court held a hearing, at which Mr. Goff appeared, and, for the reasons set forth below, the Court imposes sanctions in the amount of $1,000.00. In addition, the Court refers Mr. Goff to the Standing Committee on Professional Conduct for the United States District Court for the Northern District of California for a determination as to whether further discipline is appropriate.

　　　　　　　　　　**I.　BACKGROUND**

　　　　On November 3, 2015, the Court held a case management conference, where Plaintiff did not appear. This was the third time that Plaintiff's counsel, Stanley Goff, had failed to appear at a scheduled case management conference in this case, as he also failed to appear on November 4, 2014 and July 28, 2015. (*See* Minute Entries, Dkt. Nos. 12 & 31.) Previously, the Court issued and subsequently discharged an order to show cause concerning the July 28, 2015 failure to

1   appear. (*See* Dkt. Nos. 30 & 37.)

2         On September 29, 2015, the Court scheduled a further case management conference for
3   October 20, 2015. (Dkt. No. 41.) On October 15, 2015, the parties stipulated to continue the
4   October 20 case management conference to the earliest available date thereafter, because
5   Plaintiff's counsel had a scheduling conflict, as he had a scheduled mediation in San Francisco in
6   another case. (Dkt. No. 44.) The Court approved the stipulation and continued the hearing to
7   November 3, 2015. *Id.* Notwithstanding this accommodation, Mr. Goff failed to appear despite
8   the numerous trial deadlines that were fast approaching. (11/3/15 Minute Entry, Dkt. No. 46.)

9         On November 3, 2015, the Court issued a second order to show cause to Mr. Goff why this
10  case should not be dismissed for failure to prosecute, or, in the alternative, why he should not
11  personally pay monetary sanctions in the amount of $1000.00 for his failure to appear at the
12  November 3 case management conference. (2d OSC, Dkt. No. 45.) The Court set a hearing on the
13  order to show cause for November 12, 2015, at which Mr. Goff and his client were ordered to
14  personally appear. *Id.* On November 9, 2015, Mr. Goff filed a response, in which he stated that
15  his failure to appear was "due to [a] calendaring software malfunction that failed to alert the
16  undersigned counsel of the upcoming November 3, 2015 hearing date. . . ." (OSC Resp., Dkt. No.
17  47 at 1.)

18        On November 12, 2015, less than two hours before the hearing, Mr. Goff filed a
19  declaration stating that he had been unsuccessful in contacting his client to notify him of the
20  hearing and the fact that his presence was required. (Decl. of Stanley Goff, Dkt. No. 48 ¶¶ 5-7.)

21        On November 12, 2015, the Court held a hearing on the order to show cause at which Mr.
22  Goff appeared. His client, Mr. Clifton, did not appear.

## II.   LEGAL STANDARD

24        Generally, courts may impose sanctions against an attorney personally. The court has a
25  duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmar Corp.*, 87 F.3d
26  298, 301 (9th Cir. 1996) (citing *Trust Corp., v. Piper Aircraft Corp.*, 701 F.2d 85, 87 (9th Cir.
27  1983). Furthermore, the determination to sanction is subject to a court's sound discretion. *Dahl v.*
28  *City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996). "For a sanction to be validly

imposed, the conduct in question must be sanctionable under the authority relied on." *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir. 1988).

Federal Rule of Civil Procedure 16(f) provides that, on its own motion, "the court may issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Since the purpose of the rule is "to encourage forceful judicial management," a court has broad discretion to sanction attorneys and parties who fail to comply with the court's reasonable case management orders. *Alutiq Int'l Solutions, LLC v. Lyons*, 2012 WL 7801695, at *3 (D. Nev. Sep. 18, 2012) (citing *Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir.1986)). Rule 16 authorizes the court to impose the sanctions permitted by Rule 37, which include dismissal of an action in whole or in part, and the payment of expenses. Fed. R. Civ. P. 37(b)(2)(A)(v), (B); *see also* Civil L.R. 3-9 ("Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").

Moreover, federal courts have inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice," and to maintain "the authority and dignity of the court." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–67 (1980) (citations omitted). Such sanctions can be imposed for bad faith or willful disobedience of a court order, after a litigant has been given notice and an opportunity to be heard. *Id.*

## III. DISCUSSION

Rule 16 expressly permits the imposition of monetary or other sanctions when a party fails to appear at a court-ordered conference, or otherwise fails to comply with a pretrial order. Fed. R. Civ. P. 16(f). There is no dispute that Mr. Goff did not attend the November 3, 2015 case management conference, as he was ordered to do. Thus, under Rule 16, the Court may levy reasonable sanctions against him.

The Court also has the inherent power to impose sanctions in order to compel compliance with court orders, control the proceedings, and to ensure that the authority and dignity of the court is maintained.

In considering Mr. Goff's response to the order to show cause, the Court evaluates his credibility in light of his repeated failure to appear in the case, as well as his conduct in other cases in this district. Despite a relatively brief legal career, Mr. Goff has accumulated several orders to show cause in this district for his failure to appear in court, at scheduled settlement conferences, and to otherwise comply with court orders. *See* Order to Show Cause, Westmore v. Regents of the University of California, No. 13-cv-01744-JSC (N.D. Cal. Feb. 11, 2014)(failure to appear at scheduled settlement conference), ECF No. 43; Order to Show Cause, Fidge v. Lake County Sheriff's Dept., No. 13-05182-YGR (N.D. Cal. July 30, 2014) (failure to appear at compliance hearing and failure to comply with a court order), ECF No. 71; Second Order to Show Cause, Fidge v. Lake County Sheriff's Dept., No. 13-05182-YGR (N.D. Cal. Aug. 7, 2014) (failure to comply with a court order and personally appear at hearing), ECF No. 80; Order to Show Cause, Pimental v. City of Hayward, No. 14-cv-04706-JCS (N.D. Cal. Apr. 6, 2015) (failure to prosecute), ECF No. 17; Order to Show Cause, Washington v. Recology, No. 14-cv-05083-WHA (N.D. Cal. July 8, 2015) (failure to appear at court-ordered meet and confer conference), ECF No. 34.

Additionally, Mr. Goff has been personally sanctioned in connection with at least two of his cases. *See* Order on Def.'s Mot. for Sanctions, Redmond v. San Mateo Police Dept., No. 14-cv-00998-DMR (N.D. Cal. Feb. 24, 2015)(imposed sanctions of $3,092.50 on Mr. Goff personally), ECF No. 48; Order on Def.'s Mot. for Sanctions, Taylor v. San Mateo Police Dept., No. 14-cv-01000-DMR (N.D. Cal. Feb. 24, 2015)(imposed sanctions of $2,500.00 on Mr. Goff personally), ECF No. 47. The Court notes that these two cases were related.

Turning to Mr. Goff's response, the Court finds unconvincing his representation that his failure to appear was due to a malfunction with his calendaring software. (OSC Resp. at 1.) Had this been the first occasion in which Mr. Goff failed to appear, the Court may be more sympathetic, but this was the third time. As discussed above, Mr. Goff has also failed to appear at a number of proceedings in other cases in this district. Furthermore, Mr. Goff asked to continue the October 20 case management conference to the earliest available date, which was November 3, because he had a mediation scheduled in another case in San Francisco. (Dkt. No. 44.) As a result,

Mr. Goff knew or should have known that the hearing was continued to November 3, 2015. Thus, Mr. Goff's scheduling difficulties cannot be wholly attributed to his choice in software and subsequent "malfunction," as this was not an isolated incident. Accordingly, Mr. Goff's failure to rectify the situation by improving his case management to keep track of case deadlines and hearings is tantamount to willful conduct.

The Court also notes that Mr. Goff's prosecution of this case was underwhelming. For example, Mr. Goff failed to propound any written discovery despite informing the Court that he was doing so. (*See* 7/21/15 Case Management Conference Statement, Dkt. No. 29 at 5 ("Plaintiff anticipates serving document requests, interrogatories, requests for admission, and taking depositions of the defendant SFPD officers."); 8/18/15 Joint Case Management Conference Statement, Dkt. No. 35 at 4 ("Plaintiff has served document requests, interrogatories, request for admissions today in the mail to the Defendant.")) In fact, Mr. Goff never propounded any discovery despite having more than six months to do so. (*See* Dkt. No. 19 at 7; Minute Entry for 8/25/15 Case Management Conference, Dkt. No. 38 (Plaintiff's oral request to extend discovery deadline was denied).)

Given Mr. Goff's explanation for his failure to appear before this Court, and his behavior before other judges in this district, the Court can only conclude that his failure to appear at the November 3, 2015 case management conference was ultimately willful insofar as it was the result of careless case management. Accordingly, the Court will sanction Mr. Goff in the amount of $1,000.00 for the third failure to appear.

The Court is also concerned that the current manner in which Mr. Goff is practicing law, while appearing to be in good faith, is harmful to his clients. Therefore, the Court refers Mr. Goff to the U.S. District Court for the Northern District of California's Standing Committee on Professional Conduct for further investigation pursuant to Civil Local Rule 11-6(a)(1).

### IV. CONCLUSION

In light of the foregoing, the Court finds that Mr. Goff's repeated failures to appear at case management conferences support the imposition of sanctions under Rule 16(f) and the court's inherent authority. Mr. Goff is, therefore, personally sanctioned in the amount of $1,000, which

1  shall be paid within 60 days of this order, to the Clerk of the U.S. District Court.

2  Additionally, Mr. Goff is referred to the U.S. District Court for the Northern District of
3  California's Standing Committee on Professional Conduct pursuant to Civil Local Rule 11-
4  6(a)(1).

5  IT IS SO ORDERED.

6  Dated: November 24, 2015

KANDIS A. WESTMORE
United States Magistrate Judge